UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                              :
MIODRAG BELJAKOVIC,                           :
                                              :        04 Civ. 3694 (RJH) (GWG)
                        Plaintiff,            :
                                              :
                                              :
 - against -                                  :
                                              :        **JOINTLY PROPOSED**
MELOHN PROPERTIES, INC.,                       :        **JURY "_VOIR DIRE_" QUESTIONS**
                                              :
                        Defendant.            :
-------------------------------------------------------x

This document titled: "**Jointly Proposed Jury "_Voir Dire_" Questions**" ("JPJVDQ")

is being filed by plaintiff Miodrag Beljakovic ("Beljakovic") and defendant Melohn Properties, Inc.

("MPI") in compliance with paragraph 5 ("¶ 5") of the Amended Trial Order signed by Judge Holwell

on September 26, 2007 (the "9-26-07 Order").  This JPJDVQ includes three (3) components:

1)    Jointly Proposed Jury "_Voir Dire_" Questions – these jointly proposed questions appear in
      the body of this document (in the manner outlined in the Amended Trial Order);

2)    Jury "_Voir Dire_" Questions proposed by MPI, which Beljakovic has not agreed to accept –
      these appear in **Appendix "A"** titled: "Jury "_Voir Dire_" Questions Proposed by Defendant
      MPI (which Plaintiff Beljakovic has Not accepted);" and

3)    Jury "_Voir Dire_" Questions proposed by Beljakovic, which MPI has not agreed to accept –
      these appear in **Appendix "B"** titled: "Jury "_Voir Dire_" Questions Proposed by Plaintiff
      Beljakovic (which Defendant MPI has Not accepted)."

Defendant MPI proposed 15 jury *voir dire* questions to plaintiff Beljakovic.  On the same day that MPI delivered its proposed jury *voir dire* questions to Beljakovic (November 6, 2007), Beljakovic independently delivered a written statement dated the day before, in which he informed MPI that he requested MPI would agree to the 9 *voir dire* questions he proposed (see statement dated November 5, 2007; copy annexed hereto as **Exhibit "A"**).

Subsequently, by statement dated November 8, 2007, Beljakovic notified MPI that he objected to three of MPI's proposed *voir dire* questions (see November 8, 2007 statement; copy annexed as **Exhibit "B"**).  Thereafter, to facilitate the utilization of the mutually agreed upon jury jury voir dire questions, MPI combined four of its questions into two finalized questions.

The jointly proposed jury *voir dire* questions appear on pages 3- 5 of this JPJVDQ.

As previously indicated, the jury *voir dire* questions proposed by MPI which were not accepted by Beljakovic, appear in annexed Appendix "A."

As previously indicated, the jury *voir dire* questions proposed by Beljakovic which were not accepted by MPI, appear in annexed Appendix "B."

# Jointly Proposed Jury *"Voir Dire"* Questions

A.    *Questions Initiated by Plaintiff.*

1.    Are you employed?    *(proposed as Plaintiff's Q # 1.)*

2.    Were you ever mistreated or the subject of abuse by an employer?    *(Plaintiff's Q # 2.)*

3.    Have you or anyone you know ever been discriminated against or harassed based upon age?    *(Plaintiff's Q # 5.)*

4.    Have you ever instituted a legal action against an employer?    *(Plaintiff's Q # 7.)*

--------------------------

B.    *Questions Initiated by Defendant.* [1]

1.    Are you familiar with plaintiff Miodrag Beljakovic, or defendant Melohn Properties, Inc.?    If so, please explain how you know them?    *(proposed as Defendant's Q # 1.)*

2.    The parties have identified a number of persons who may testify on their behalf during the trial. Please raise your hand if you are familiar with one or more of the following persons:

a.    If so, then, please describe the nature of your familiarity:

Martha Melohn          Leon Melohn
Alphonse Melohn        Joseph Gottlieb
Noe Osorio             Joseph Helmreich
Frank Monaco           Robert Hammer
Pablo Diaz             Steve Redzepagic
Lloyd Adolton          Josz Sherrez
Julio Peralta          Francisco Guzman
Feliz Bermudez

*(Defendant's Q # 2.)*

---

[1]    In the statement which Plaintiff contributed to this joint compilation (copy annexed hereto as **Exhibit "A"**), he objected to precisely three of the *voir dire* questions that Defendant had proposed to him: Defendant's #'s 10, 12 and 13. The fact Plaintiff did not in any way disagree with the other ten *voir dire* questions proposed by Defendant confirmed his acceptance of each of them.

However, Plaintiff's objection to # 10 was a typographical error, revealed by the fact he quoted each of the three proposed *voir dire* questions with which he disagreed, and his quote for the one he labeled as Defendant's # 10 was actually the contents of Defendant's # 9. Accordingly, the joint compilation identifies Defendant's questions 9, 12 and 13 as the ones which Plaintiff did not accept.

3.    Have you, or a member of your immediate family, ever owned property for which personnel such as doormen, superintendents or porters were employed, or have you, yourself, ever been employed as a doorman, superintendent or porter for a building?

   a.    Despite your personal experiences in this regard, could you fairly and impartially adjudicate a matter involving claims of age discrimination between an owner of residential property and a doorman?

   *(Defendant's Q # 3.)*

4.    Have you ever been a tenant in a residential apartment building?

   a.    Despite your personal experience, could you fairly and impartially adjudicate a matter involving claims of age discrimination between an owner of residential property and a doorman?    *(Defendant's Q # 4.)*

5.    Have you, or any member of your immediate family, been involved in a Landlord/Tenant dispute?

   a.    Has that circumstance caused a problem with your ability to impartially be the trier of fact in a case involving a Landlord, or the managing agent for a Landlord?    *(Defendant's Q # 5.)*

6.    Have you, or any member of your immediate family, ever been a member of the SEIU labor union, 32B-32J, or been involved in a labor dispute, either as the employer or the employee?

   a.    If so, would you still be able to fairly and impartially weigh the facts in this matter and apply the law as the court instructs you?    *(Defendant's Q # 6.)*

7.    This lawsuit involves a plaintiff who has voluntarily chosen to represent himself without the assistance of an attorney, and will proceed *pro se* against the defendant, his employer, who has chosen to use an attorney.  Will you be able to fairly and impartially weigh the evidence and apply the law as the court instructs without giving greater sympathy or partiality to the plaintiff even if you have the view that he might appear to be at a disadvantage in this trial?

   *(Defendant's Q # 7.)*

8.  In this matter you will be asked to determine the facts and follow the law as the court instructs. Will you be able to completely follow the instructions regarding the law as the court relates them to you even if you personally believe the law is unfair or incorrect?

    *(Defendant's Q # 8.)*

9.  This lawsuit may include a claim by an employee of the managing agent for a Landlord that his request to occupy an apartment in the building in which he worked was denied, and that his employer's denial to provide an apartment evidenced age discrimination, and a defense by the Landlord that it has a practice of not renting apartments to any of its own employees.

    a.  Would you be able to rule fairly and impartially as to such an allegation?

    b.  Do any of you maintain an opinion or bias in favor or against an employee's claim to have a right to occupy an apartment in the building in which he works?
    *(Defendant's Q # 10.)*

10. Have you, or any member of your immediate family, ever been a party in a civil lawsuit?

    a.  If so, please describe the nature of the lawsuit, your role in the lawsuit, the period of time in which it was litigated and the ultimate result of the lawsuit.

    b.  Has the result of that lawsuit caused you to lose faith in the judicial system to a degree which might affect your impartiality in this case?
    *(Defendant's Q # 11.)*

Dated:  New York, New York
         November 12, 2007

Yours, etc.

**MIODRAG BELJAKOVIC**
Pro Se Plaintiff
925 Park Avenue
Elizabeth, New Jersey 07208
Telephone: (908) 353-6181

- and -

**KUCKER & BRUH, LLP**
Attorneys for Defendant,
   Meloby Properties, Inc.

William D. Hummell, Esq. (WH 7071)
747 Third Avenue, 12th Floor
New York, New York 10036
Telephone: 212-869-5030
Fax: 212-944-5818

## APPENDIX "A"

## Jury *Voir Dire* Questions Proposed by Defendant MPI
### (which Plaintiff Beljakovic has Not agreed to accept)

The # of each proposed *voir dire* question delivered by Defendant to Plaintiff was Retained.

(Defendant MPI proposed 13 questions to Plaintiff. Plaintiff objected precisely to three of them: Defendant's # 10, 12 and 13. However, his reference to # 10 clearly was intended to voice disagreement with # 9, which is the one quoted by Plaintiff - see footnote # 1, *supra*.)

9.     The law provides that **MERE INCONVENIENCE** for an employee without a materially adverse change in the terms and conditions of employment (which might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation, is insufficient to support an age discrimination claim.[2]

   a.     If the plaintiff employee fails to prove he experienced a materially adverse change in the terms and conditions of employment, would you have a problem denying the age discrimination claim even if the plaintiff has testified of inconveniences he appears to sincerely believe he had to endure?

-------------------

---

[2] *Galabya v. New York City Board of Education*, 202 F.3d 636 (2nd Cir. 2000); *Richardson v. New York State Dep't of Correctional Serv.*, 180 F.3d 426, 446 (2d Cir. 1999); *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997); *Fallon v. Meisner*, 66 Fed. Appx. 348 (3d Cir. 2003); *Doe v. DeKalb County Sch. Dist.* 145 F.3d 1441, 1448 n. 11 (11th Cir. 1998); *Williams v. Bristol-Myers Squibb Co.*, 85 F.3d 270, 274 (7th Cir. 1996); *Tinkle v. Oklahoma Gas & Elec. Co.*, 16 Fed. Appx. 815 (10th Cir. 2001).

12.     This matter includes a claim that the plaintiff employee experienced
        **AGE DISCRIMINATION** in his employment.

        a.      If the plaintiff proves: he experienced an adverse employment
                circumstance because of his age, meaning, a materially adverse change
                in the terms and conditions of employment (which might be indicated by a
                termination of employment, a demotion evidenced by a decrease in wage
                or salary, a less distinguished title, a material loss of benefits, significantly
                diminished material responsibilities, or other indices . . . unique to a
                particular situation), would you have any problem ruling in favor of the
                plaintiff employee?

        b.      If the plaintiff employee fails to prove these things, would you have any
                problem ruling in favor of the defendant and denying the age discrimination
                claim? [3]

13.     This matter includes a claim that the plaintiff employee experienced
        **RETALIATION** after asserting an age discrimination claim.

        a.      If the plaintiff employee proves: (1) that he engaged in conduct protected
                by the Age Discrimination in Employment Act; (2) that, subsequent to his
                performance of the protected act, the defendant employer caused him to
                be discharged, laid off, denied a promotion, reassigned with a significant
                change in job responsibilities, or to lose compensation or benefits; and
                (3) that the defendant employer caused the plaintiff employee to be
                discharged, etc., because of his performance of the protected act; would
                you have any problem ruling in favor of the plaintiff employee?

        b.      If the plaintiff employee fails to prove any one of those three things, would
                you have any problem denying the age discrimination claim? [4]

---

[3]  Reflects the following federal pattern jury instruction: §173.02 Nature of the Action—Disparate Impact, Federal
Jury Practice and Instructions West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C. See, also,
*Galabya v. New York City Board of Education*, 202 F.3d 636 (2nd Cir. 2000); *Richardson v. New York State Dep't
of Correctional Serv.*, 180 F.3d 426, 446 (2d Cir. 1999); *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466
(2d Cir. 1997).

[4]  Reflects the following federal pattern jury instruction: § 173.23 Retaliation, Federal Jury Practice and Instructions,
West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C.

## APPENDIX "B"

## Jury *Voir Dire* Questions Proposed by Plaintiff Beljakovic
### (which Defendant MPI has Not agreed to accept)

The respective # of each proposal delivered by Plaintiff Beljakovic to Defendant MPI has been Retained.

(Plaintiff proposed 9 *voir dire* questions to Defendant MPI. The fact that some of those numbers are missing from the list set forth below, reflects that MPI was willing to accept Plaintiff's proposed questions 1, 2, 5, and 7.)

3.   Would you agree that employees should be treated fairly and equally?

4.   What are your views on mandatory retirement age?

     ----------

6.   Would you agree that, if someone fulfills all of their job requirements, their age is irrelevant?

     ----------

8.   What are your general views on civil rights?

9.   Have you ever been involved in any civil rights groups or actions?

# Exhibit A

William D. Hummell, Esq.,
Attorney at Law
Kucker & Bruch, LLP
747 Third Avenue, Suite 12A
New York, N.Y. 10017-2803

Re: Beljakovic vs. Melohn  Properties, Inc.
    Pro Se 04 Civ. 3694 (RJH)
-----------------------------------------------------

Dear Mr. Hummell:

This refers to the Article 5 of the Amended Trial Order issued by
Honorable Judge Richard J. Holwell, on September 26, 2007, directing that
our joint *voir dire* questions for jury selection and jury instruction be
submitted to the Chambers by November 12, 2007.

I propose that the following questions be included in the selection of the
jury for the trial scheduled to commence on January 28, 2008:

1. Are you employed?
2. Were you ever mistreated or were subject of abuse by an employer?
3. Would you agree that employees should be treated fairly and
   equally?
4. What are your views on mandatory retirement age?
5. Have you or anyone you know ever been discriminated against or
   harassed based upon age?
6. Would you agree that if someone fulfills all of their job requirements
   their age is irrelevant?
7. Have you ever instituted legal action against an employer?
8. What are your general views on civil rights?
9. Have you ever been involved in any civil rights groups or actions?

I have no jury instructions to propose.

As in the previous case of the Joint Pre-trial Order, I hope that you can
transmit this material to the Chambers as well. This includes the manada-
tory electronic submission. Should you have any problem with it, please let
me know in time.

Case 2:04-cv-03694-RJH-GWG     Document 42-2     Filed 11/13/2007     Page 3 of 3

I trust that this will complete our pre-trial legal requirements and am anxiously awaiting for the final pre-trial conference, scheduled for January 11, 2008.

In Elizabeth, N.J.
November 5, 2007

Respectfully,

Miodrag Beljakovic
925 Park Avenue
Elizabeth N.J. o7209-1131

CC:  Hon Richard J. Holwell
     United States District Judge
     Southern District of New York
     500 Pearl Street, Courtroom 17B
     New York, N.Y. 10007-1312

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

MIODRAG BELJAKOVIC,                                    <u>04 CV 3694 (RJH)</u>

        Plaintiff,

  - against -

MELOHN PROPERTIES, INC.,

        Defendant.
---------------------------------------------------------------x

## <u>PLAINTIFF'S OBJECTIONS TO THE DEFENDANT'S PROPOSED VOIR DIRE</u>

Plaintiff objects to the phrasing in questions 10, 12, and 13 of the Defendant's proposed voir dire questions. The questions read as follows:

10.  The law provides that MERE INCONVENIENCE for an employee without discharge, layoff, denial of promotion, reassignment with significant change in job responsibilities, or lost compensation or benefits, is insufficient to support an age discrimination claim.

    a.  If the plaintiff employee fails to prove he experienced a discharge, layoff, denial of promotion, reassignment with significant change in job responsibilities, would you have a problem denying the age discrimination claim even if the plaintiff testified of inconveniences he appears to sincerely believe he had to endure?

12.  This matter includes a claim that the plaintiff employee experienced AGE DISCRIMINATION in his employment.

    a.  If the plaintiff proves: (1) that he was discharged, laid off, denied a promotion, reassigned with a significant change is job responsibilities, or lost compensation or benefits; (2) that

his employer's employment practice that resulted in the discharge, etc. was not based on a business necessity; and (3) that the plaintiff's age was a substantial or motivating factor for his employer in causing the discharge, layoff, etc.; would you have any problem ruling in favor of the plaintiff employee?

b.    If the plaintiff employee fails to prove any one of those three things, would you have any problem denying the age discrimination claim?

13.    This matter includes a claim that the plaintiff employee experienced RETALIATION after asserting an age discrimination claim.

a.    If the plaintiff employee proves: (1) that he engaged in conduct protected by the Age Discrimination in Employment Act; (2) that, subsequent to his performance of the protected act, the defendant employer caused him to be discharged, laid off, denied a promotion, reassigned with a significant change in job responsibilities, or to lose compensation or benefits; and (3) that the defendant employer caused the plaintiff employee to be discharged, etc., because of his performance of the protected act; would you have nay problem ruling in favor of the plaintiff employee?

b.    If the plaintiff employee fails to prove any one of those three things, would you have any problem denying the age discrimination claim?

The way these questions are phrased would essentially allow the Defendant to begin arguing their case before the trial has even commenced. Plaintiff would be more amenable to a more general question, such as "Would you have any problem ruling in favor of the Plaintiff if he proves his case?  Would you have any problem ruling against the Plaintiff and in favor of the Defendant if Plaintiff fails to prove his case?"

Plaintiff further objects to questions 10, 12, and 13 as they try to limit the definition of discrimination to being fired, laid off, failing to be promoted, or losing money or benefits. The claim of discrimination here is in the form of severe harassment, disparate treatment, and retaliation. Therefore, those *voir dire* questions suggest that Plaintiff has not been discriminated against because he has not been fired, laid off, etc.

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS ACCEPTED BY PLAINTIFF

Plaintiff is will to accept the following jury instruction proposed by the Defendant:

- § 173.01 Nature of the Action – Disparate Treatment
- § 173.41 Determinative Fact
- § 173.25 Respondeat Superior
- § 173.44 Direct and Indirect Evidence
- § 173.50 Causation
- § 173.51 Preponderance of the Evidence
- § 173.61 Bona Fide Seniority System
- § 173.63 Business Necessity
- § 173.66 Good Cause or Reasonable Factor Other than Age
- § 173.72 Liquidated Damages
- § 173.40 Willful
- § 173.42 Motivating Factor

## <u>PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS:</u>

Plaintiff objects to the following proposed jury instructions made by the Defendant:

### 1.  Instruction § 173.02 Nature of the Action – Disparate Impact

Plaintiff objects to this Instruction as it is not being claimed that the discrimination suffered by me was the result of disparate impact.  Instead, it is claimed that the discriminatory acts were <u>intentional</u> and aimed specifically at the Plaintiff because of Plaintiff's age and because Plaintiff filed complaints regarding Defendant's repeated harassment of Plaintiff based on Plaintiff's age.  Plaintiff also must object to this Instruction as it limits the definition of age discrimination to being "discharged, laid off, reassigned with a significant change in job responsibilities, denied a promotion, lost compensation or lost benefits."  As recent as <u>Smith v. Potter,</u> United States Court of Appeals for the Tenth Circuit, 2007 U.S. App. LEXIS 24942, age discrimination has been defined to include being "treated less favorably than others," which is a major part of my claim.  Also, in <u>Zelnick v. Fashion Institute of Technology,</u> 464 F.3d 217 (2006), the Second Circuit Court of Appeals said that the adverse employment action complained of in an age discrimination case "<u>may include</u> termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, <u>or other indices unique to a particular situation.</u>" (emphasis added)

## 2. Instruction § 173.20 Disparate Treatment

Plaintiff objects to this Instruction as it limits the definition of age discrimination to being "discharged, laid off, reassigned with a significant change in job responsibilities, denied a promotion, lost compensation or lost benefits." As recent as <u>Smith v. Potter</u>, United States Court of Appeals for the Tenth Circuit, 2007 U.S. App. LEXIS 24942, age discrimination has been defined to include being "treated less favorably than others," which is a major part of Plaintiff BELJAKOVIC'S claim. Also, in <u>Zelnick v. Fashion Institute of Technology</u>, 464 F.3d 217 (2006), the Second Circuit Court of Appeals said that the adverse employment action complained of in an age discrimination case "<u>may include</u> termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, <u>or other indices unique to a particular situation.</u>" (emphasis added)

## 3. Instruction § 173.21 Disparate Impact

Plaintiff objects to this Instruction as it is not being claimed that the discrimination suffered by Plaintiff was the result of disparate impact. Instead, it is claimed by Plaintiff that the discriminatory acts were <u>intentional</u> and aimed specifically at the Plaintiff.

Plaintiff further objects to this Instruction as it limits the definition of age discrimination to being "discharged, laid off, reassigned with a significant change in job responsibilities, denied a promotion, lost compensation or lost benefits." As recent as <u>Smith v. Potter</u>, United States Court of Appeals for the Tenth Circuit, 2007 U.S. App. LEXIS 24942, age discrimination has been defined to include being "treated less favorably than

others," which is a major part of Plaintiff BELJAKOVIC'S claim. Also, in Zelnick v. Fashion Institute of Technology, 464 F.3d 217 (2006), the Second Circuit Court of Appeals said that the adverse employment action complained of in an age discrimination case "may include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." (emphasis added)

## 4.  Instruction § 173.23 Retaliation

Plaintiff objects to this Instruction as it limits the definition of age discrimination to being "discharged, laid off, reassigned with a significant change in job responsibilities, denied a promotion, lost compensation or lost benefits." As recent as Smith v. Potter, United States Court of Appeals for the Tenth Circuit, 2007 U.S. App. LEXIS 24942, age discrimination has been defined to include being "treated less favorably than others," which is a major part of Plaintiff BELJAKOVIC'S claim. Also, in Zelnick v. Fashion Institute of Technology, 464 F.3d 217 (2006), the Second Circuit Court of Appeals said that the adverse employment action complained of in an age discrimination case "may include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." (emphasis added)

## 5.  Instruction § 173.43 Tangible Employment Action

Plaintiff objects to this Instruction as it limits the definition of age discrimination to being "discharged, laid off, reassigned with a significant

change in job responsibilities, denied a promotion, lost compensation or lost benefits." As recent as <u>Smith v. Potter,</u> United States Court of Appeals for the Tenth Circuit, 2007 U.S. App. LEXIS 24942, age discrimination has been defined to include being "treated less favorably than others," which is a major part of Plaintiff BELJAKOVIC'S claim. Also, in <u>Zelnick v. Fashion Institute of Technology,</u> 464 F.3d 217 (2006), the Second Circuit Court of Appeals said that the adverse employment action complained of in an age discrimination case "<u>may include</u> termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, <u>or other indices unique to a particular situation.</u>" (emphasis added)

Plaintiff also objects to this Instruction as 'tangible employment actions' are generally combined with the issue of employer liability for the supervisor's/harasser's actions. (<u>Burlington Industries v. Ellerth,</u> 524 U.S. 742 (1998)) Tangible Employment Actions are relevant in that, if the Plaintiff fails to show a tangible employment action in relation to his alleged harassment, then the Defendant may raise the affirmative defense that they are not responsible for that employee/supervisor/harasser's actions. Therefore, if this jury charge is to be included, it should be modified to reflect the actual relevance of 'tangible employment action' and read in tandem with the instruction regarding 'respondeat superior' and adjusted to accordingly to reflect the law.

### 6.  Instruction § 173.70 Compensatory Damages

Plaintiff objects to this Instruction as compensatory damages are not being sought.

### 7. § 173.81 Special Interrogatories to the Jury

Plaintiff objects to question #3, question #4, and § 173.73 as compensatory damages are not being sought. Plaintiff also objects to question #5 as it does not include an opportunity for the jury to award damages if there is a finding of willful violation of the law.

In Elizabeth, N.J.
November 8, 2007

Respectfully,

Miodrag Beljakovic
925 Park Avenue
Elizabeth, N.J. 07209-1131