UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

MIODRAG BELJAKOVIC,                          :

                           Plaintiff,         :          04 CV 3694 (RJH)

     - against -                              :

                                 :          **JOINTLY PROPOSED**

MELOHN PROPERTIES, INC.,                     :          **JURY INSTRUCTIONS**

                   Defendant.         :

----------------------------------------------------------------x

This document titled: "**Jointly Proposed Jury Instructions**" ("JPJI") is being filed by plaintiff Miodrag Beljakovic ("Beljakovic") and defendant Melohn Properties, Inc. ("MPI") in compliance with paragraph 5 ("¶ 5") of the Amended Trial Order signed by Judge Holwell on September 26, 2007 (the "9-26-07 Order"). This JPJI includes three (3) components:

    1)    <u>Jointly Proposed Jury Instructions</u> – these jointly proposed instructions appear in the body of this document (in the manner outlined in the Amended Trial Order);

    2)    <u>Jury instructions proposed solely by MPI, which Beljakovic has not agreed to accept</u> – these appear immediately after the Jointly Proposed Jury Instructions, separated by a transition page; and

    3)    <u>Jury instructions proposed solely by Beljakovic, which MPI has not agreed to accept</u> – these appear in annexed **Appendix "A"** titled: "Jury Instructions Proposed by Plaintiff, Beljakovic;" and

## Jointly Proposed Jury Instructions

Defendant MPI proposed 20 jury instructions to plaintiff Beljakovic.  On the same day

that MPI delivered its proposed jury instructions to Beljakovic (November 6, 2007), Beljakovic

independently delivered a written statement dated the day before, in which he informed MPI that he

will not propose any jury instructions (see statement dated November 5, 2007; copy annexed hereto

as **Exhibit "A"**).  Subsequently, by statement dated November 8, 2007, Beljakovic notified MPI

that he accepted 12 of the jury instructions which had been proposed to him by MPI (see November

8, 2007 statement; copy annexed as **Exhibit "B"**).  The mutually accepted jury instructions are

listed below, and the full text of each of them appears on pages 4- 16 of this JPJI. [1]

| | |
|---|---|
| §173.01 | Nature of the Action – Disparate Treatment |
| §173.41 | Determinative Fact |
| §173.25 | Respondeat Superior |
| §173.44 | Direct and Indirect Evidence |
| §173.50 | Causation |
| §173.51 | Preponderance of the Evidence |
| §173.61 | Bona Fide Seniority System |
| §173.63 | Business Necessity |
| §173.66 | Good Cause or Reasonable Factor Other than Age |
| §173.72 | Liquidated Damages |
| §173.40 | Willful |
| §173.42 | Motivating Factor |

---

[1]   In the Jury Instructions proposed by defendant MPI which appear on pages 18- 29, *infra*, the text which
appears without boldfaced type is the verbatim language set forth in the pattern jury instruction in the treatise
cited at the bottom of each proposed instruction. The text in boldfaced type is language which was added by
Kucker & Bruh, LLP, attorneys for defendant, most of which was added in response to prompts in the pattern
jury instructions— either blank lines which indicate the partiesare to fill in the blank, or instructions which
state the parties are expected to add an appropriate description. Thefew exceptions to this include language
which was added based on relevant caselaw.

    In order to facilitateease of review, defendant has inserted in annexed **Exhibit "C"** accompanyingpages
which quote the corresponding pattern jury instruction before the information set forth in boldfaced type was
added by defendant.

In the same November 8, 2007 statement (**Exhibit "B"**), Beljakovic reiterated and confirmed he is proposing no jury instructions of his own.

The 8 jury instructions proposed by MPI which were not explicitly accepted by Beljakovic are listed in the second section of this joint statement, on pages 18- 29 hereof, and the full text of each of them appears in subsequent sequential pages.

**§ 173.01  Nature of the Action - Disparate Treatment**

Under federal law, an employer may not discriminate against any employee because of that

employee's age, when the employee's age is forty years of age or over.

Plaintiff **Beljakovic** claims that defendant **Melohn Properties, Inc. ("MPI")** discriminated

against plaintiff **Beljakovic** by: _____. Specifically, plaintiff

**Beljakovic** alleges that defendant **MPI** violated the law by:

> [*plaintiff shall describe the specific act or acts asserted as discrimination – to be written by plaintiff*].[2]

Defendant **MPI** denies the charge and contends that:

**a.      each of plaintiff's disputes concerns work rules that MPI adopted based on a union collective bargaining agreement which included plaintiff; MPI was entitled to enforce work rules against its employees, and administer a bona fide seniority system;**

**b.      plaintiff Beljakovic was not treated different from other employees, and had no adverse employment circumstance;** [3]

---

[2]    Despite Defendant's request, Plaintiff Beljakovic did not provide the requested information concerning the facts on which he purportedly relies and the gravamen of his claims.

[3]    **Plaintiff Beljakovic must prove he experienced an adverse employment circumstance because of his age, meaning, a "materially adverse change 'in the terms and conditions of employment'."** (*Galabya v. New York City Board of Education*, 202 F.3d 636 (2nd Cir. 2000) (an age discrimination case), *citing*, *Richardson v. New York State Dep't of Correctional Serv.*, 180 F.3d 426, 446 (2d Cir. 1999) (relying on *Crady v. Liberty Nat'l Bank and Trust Co.*, 993 F.2d 132, at 136 (7th Cir. 1993)). (In *Galabya*, the Second Circuit found: "Appellant, appearing *pro se*, does not identify with precision what he considers the adverse employment action to have been, but his argument may reasonably be read as contending that he was denied assignment to the P.S. 4 computer lab, not assigned for the start of the 1993-94 school year, mis-assigned to Sarah Hale, and then ultimately assigned to Van Arsdale where he was forced to teach outside his area of expertise (special education) and at a school with inferior facilities to P.S. 4. We agree with Judge Nickerson that this series of events does not constitute an adverse employment action. 202 F.3d at 639-40.) **In order to be "materially adverse," a change in working conditions must be "more disruptive than a mere inconvenience or an alteration of job responsibilities."** (*Crady*, 993 F.2d at 136.) **"A materially adverse**

4

    c.      **mere inconvenience is not an adverse employment circumstance.**

    d.      **plaintiff Beljakovic contends that, because of his age, he was entitled to be excused from performing various duties of his position; however, the law does not permit a person to use age as an excuse not to perform the duties of his position.**

<u>Federal Jury Practice and Instructions</u>, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

---

change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation." (*Id.*; see *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997) (ADEA protects employee against "less flagrant reprisals" than termination or a reduction in wages and benefits. 108 F.2d at 466.) ([W]anamaker's claim falters. We cannot say that, for someone in Wanamaker's position, the loss of a phone and office is sufficiently deleterious to constitute adverse employment action prohibited by the ADEA. Blacklisting and refusing to recommend an individual tend to besmirch his reputation. But barring a terminated employee from using an office and phone to conduct a job hunt presents only a minor, ministerial stumbling block toward securing future employment. We are not moved by Wanamaker's conclusory, unsupported claims that the loss of these services had an injurious effect on his reputation in the legal community.")

This Jury Instruction §173.01 is exactly the same as the form of Jury Instruction §173.01 which was proposed by MPI to Beljakovic except in two respects caused by Beljakovic' written response in which he accepted Jury Instruction §173.01: (i) footnote 1 was added merely to reflect the fact that Beljakovic did not provide the missing information which the 2nd ¶ of Jury Instruction §173.01 asked the plaintiff to provide; and (ii) the language in ¶ b of this Jury Instruction was changed to the explicit request of Beljakovic which appears on the 1st, 2nd, 3rd and 4th pages of his statement dated November 8, 2007 (annexed Exhibit "B"), requesting defendant would consider the ruling in *Zelnik v. Fashion Institute of Technology*, 464 F.3d 217 (2006). In Zelnik, in which the plaintiff employee claimed he suffered retaliation and an adverse employment action for having exercised his first amendment right of free speech, the Second Circuit confirmed that the standard for determining whether the employer' action is an adverse employment action is more liberal when the protected conduct is an exercise of first amendment rights. 464 F.3d at 225. Under the more liberal standard, the Second Circuit has held retaliatory conduct that would deter a similarly situated person of ordinary firmness from exercising his constitutional right (free speech) may constitute an adverse employment action. Under the more stringent standards applicable to an ADEA claim not involving an infringement of constitutional rights, the standard has been that an adverse employment action will not be found absent a materially adverse change in the terms and conditions of employment which have been held to include: discharge, demotion, decrease in wage or salary, less distinguished title, material loss of benefits, diminished material responsibilities or other indices unique to a particular situation. *Zelnik*, 464 F.3d at 225, *citing*, *Galabya*, 202 F.3d at 640.

**§ 173.41  Determinative Fact**

A "determinative factor," **or determinative influence**, means that plaintiff **Beljakovic** must prove defendant **Melohn Properties, Inc.** would not have take the adverse employment action alleged but for plaintiff's age.

<u>Federal Jury Practice and Instructions</u>, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

## § 173.25  Respondent Superior

Defendant **Melohn Properties, Inc. ("MPI")** is a corporation.  A corporation may act only through natural persons as its agents or employees and, in general, any agent or employee of a corporation may bind the corporation by the agent's or employee's action done and statements made while acting within the scope of agent's or employee's authority as delegated to the agent or employee by the corporation or within the scope of the agent's or employee's duties as an employee of the corporation.

An agent or employee acting outside the agent's or employee's delegated authority or outside the scope of the agent's or employee's duties may not bind the corporation.  However, even though an act is forbidden by the law, it may still be within the scope of employment so as to impose liability on the corporation.  In deciding whether the act complained of was within the scope of authority, you should consider such factors as where the acts took place and their foreseeability.

Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

**§ 173.44  Direct and Indirect Evidence**

Generally speaking, there are two types of evidence that are generally presented during a trial – direct evidence and indirect evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  "Indirect or indirect" evidence is proof of a claim of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or indirect evidence.  Nor is a greater degree of certainty required of indirect evidence.  You are simply required to find the facts in accordance with the preponderance of the evidence in the case, both direct and indirect.

Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

**§ 173.50  Causation - Generally**

Plaintiff **Beljakovic** has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence.  If you find that plaintiff **Beljakovic** has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant **Melohn Properties, Inc. ("MPI")**.

[Defendant **MPI** has the burden of proving each element of defendant's affirmative defenses by a preponderance of the evidence.]

<u>Federal Jury Practice and Instructions</u>, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

## § 173.51  Preponderance of the Evidence

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

<u>Federal Jury Practice and Instructions</u>, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

**§ 173.61  Bona Fide Seniority System**

If you find that plaintiff **Beljakovic** has established each of the essential elements of

plaintiff's claim, then you will consider the defense alleged by defendant **Melohn Properties, Inc.**

**("MPI")** that the treatment of plaintiff **Beljakovic** was in accordance with the terms of a bona fide

seniority system.

In order to qualify as a bona fide seniority system the system must use the length of service

as a primary criterion for the fair distribution of available employment opportunities and

prerogatives among younger and older workers.

Defendant **MPI** bears the burden of proving this defense by preponderance of the evidence.

Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil,
Volume 3C

**§ 173.63  Business Necessity**

If you find that plaintiff **Beljakovic** has established each of the essential elements of

plaintiff's claim, then you will consider the defense alleged by defendant **Melohn Properties, Inc.**

**("MPI")** that the treatment of plaintiff was required by business necessity.

Defendant **MPI** may justify an employment practice or decision making process that results

in adverse or disparate impact on a particular group by proving that it is job related and consistent

with business necessity.  An employment practice or decision making process is job related if it has

a clear relationship or connection to the job or position in question.  An employment practice or

decision making process that results in an adverse or disparate impact is consistent with business

necessity if it substantially promotes safe efficient or successful job performance.

If you determine defendant **MPI** has proved its employment practice or decision making

process is job-related and consistent with business necessity, then you must decide in favor of

defendant **MPI** despite the adverse impact.

If you determine plaintiff **Beljakovic** proved by a preponderance of the evidence that

defendant **MPI** had a suitable alternative that would have resulted in a lesser adverse impact and the

defendant refused to adopt it, then you must decide in favor of plaintiff **Beljakovic**.

A suitable alternative is one that would have also served the defendant's interest in safe,

efficient and successful job performance.

Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil,
Volume 3C

**§ 173.66  Good Cause or Reasonable Factor Other than Age**

If you find that plaintiff **Beljakovic** has established each of the essential elements of plaintiff's claim, then you will consider the defense alleged by defendant **Melohn Properties, Inc. ("MPI")** that the treatment of plaintiff **Beljakovic** was for [a reasonable factor other than age].

Defendant **MPI** has only the burden of articulating a legitimate, nondiscriminatory reason for its actions.  Defendant **MPI** does not have to persuade you of this fact by a preponderance of the evidence.  Instead, defendant **MPI** is required only to produce enough evidence in support of [**its defense of**] plaintiff's claim to create a genuine issue of fact in your mind.

[Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment.  An employer may make those employment decisions as it sees fit, as long as it is not unlawful.]

[In determining whether defendant **MPI's** stated reason for its actions was a pretext for discrimination, you may not question defendant's business judgment.  Pretext is not established just because you disagree with the business judgment of defendant **MPI**, unless you find that defendant's reason was a pretext for discrimination.]

Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

## § 173.72  Liquidated Damages

If you find that plaintiff **Beljakovic** was discriminated against by defendant **Melohn Properties, Inc. ("MPI")** on the basis of age, then you must decide whether defendant MPI's conduct was willful. If you find that defendant's violation of the age discrimination law was willful, the court will award plaintiff **Beljakovic** money damages.[4]

A violation is willful if defendant **MPI** knew its action was a violation of the law, or acted in reckless disregard of that fact.  If defendant **MPI** did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

---

[4]    The following words were deleted from the final sentence in the first paragraph of the within Jury Instruction §173.72 (titled: "Liquidated Damages"): "in addition to the back pay that you have awarded." This deletion was caused by plaintiff Beljakovic, who clarified that his lawsuit does not include a claim for compensatory damages.

Subsequent to defendant MPI's proposing Jury Instruction §173.70 (titled: "Compensatory Damages") to Beljakovic, he affirmed, in a statement dated November 8, 2007 (annexed Exhibit "B"), that he is NOT claiming compensatory damages (quoted below; emphasis in boldfaced type was added): **"Plaintiff objects to this Instruction as compensatory damages are not being sought"** (Exhibit "B," page 4.)  In addition, in response to MPI's proposal of separate and distinct Jury Instruction §173.81 (titled: "Special Interrogatories") and Jury Instruction §173.73 (titled: "Nominal Damages") to Beljakovic, he reiterated that his lawsuit does not include a claim for compensatory damages (quoted below; emphasis in boldfaced type was added): **"Plaintiff objects to question # 3, question # 4, and § 173.73 as compensatory damages are not being sought."** (Exhibit "B," page 5.)

**§ 173.40  Willful**

If defendant **Melohn Properties, Inc. ("MPI")** knew that its adverse employment action

was a violation of the law, or acted in reckless disregard of that fact, then its conduct was willful. If

defendant **MPI** did not know, or knew only that the law was potentially applicable, and did not act

in reckless disregard as to whether its conduct was prohibited by the law even if it acted negligently,

then its conduct was not willful.  **Defendant's action was willful if you find that the defendant**

**deliberately, intentionally, on purpose and knowingly violated the law, or if it shows a reckless**

**disregard for whether its conduct violated the law.** [5]

<u>Federal Jury Practice and Instructions</u>, West, Fifth Edition, O'Malley, Grenig and Lee, Civil,
Volume 3C

---

[5]  *Benjamin v. United Merchants & Mfrs., Inc*, 873 F.2d 41, 43 (2d Cir. 1989).

**§ 173.42  Motivating Factor**

The term "motivating factor" means a consideration that moved defendant **Melohn Properties, Inc. ("MPI")** toward defendant **MPI's** decision.

Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

The various Jury Instructions proposed by defendant MPI which were not accepted by plaintiff Beljakovic are set forth *infra*, on pages 18- 29 of this JPJI document.[6]

THIS SPACE WAS INTENTIONALLY LEFT BLANK

---

[6]    Reminder - in the Jury Instructions proposed by defendant MPI which appear on pages 18- 29, *infra*, the text which appears without boldfaced type is the verbatim language set forth in the pattern jury instruction in the treatise cited at the bottom of each proposed instruction. The text in boldfaced type is language which was added by Kucker & Bruh, LLP, attorneys for defendant, most of which was added in response to prompts in the pattern jury instructions — either blank lines which indicate the parties are to fill in the blank, or instructions which state the parties are expected to add an appropriate description. The few exceptions to this include language which was added based on relevant caselaw.

In order to facilitate ease of review, defendant has inserted in annexed **Exhibit "C"** accompanying pages which quote the corresponding pattern jury instruction before the information set forth in boldfaced type was added by defendant.

## § 173.02  Nature of the Action – Disparate Impact

Plaintiff **Beljakovic** seeks damages against defendant **Melohn Properties, Inc. ("MPI")** for age discrimination. Defendant denies discrimination on the basis of age. Plaintiff claims defendant's [employment practice] has the effect of discriminating against persons 40 years of age or older.[7]

Plaintiff **Beljakovic** has the burden of proving that **MPI's** [employment practice] caused **plaintiff to experience an adverse employment circumstance because of his age, meaning, a "materially adverse change 'in the terms and conditions of employment'."** [8] **In order to be "materially adverse," a change in working conditions must be "more disruptive than a mere inconvenience or an alteration of job responsibilities."** [9] **"A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation."** [10]

---

[7]  Subsequent to defendant MPI's proposing this Jury Instruction (§ 173.02), plaintiff Beljakovic affirmed in a statement dated November 8, 2007, that he is NOT claiming age discrimination as the result of disparate impact (emphasis in boldfaced type was added): **"Plaintiff objects to this Instruction as it is not being claimed that the discrimination suffered by me was the result of disparate impact. Instead it is claimed that the discriminatory acts were intentional and aimed specifically at the Plaintiff because of Plaintiff's age and because Plaintiff filed complaints regarding Defendant's repeated harassment of Plaintiff based on Plaintiff's age.**" (See Exhibit "B, page 1 ("p. 1")

[8]  *Galabya v. New York City Board of Education*, 202 F.3d 636 (2nd Cir. 2000) (an age discrimination case), *citing, Richardson v. New York State Dep't of Correctional Serv.*, 180 F.3d 426, 446 (2d Cir. 1999) (relying on *Crady v. Liberty Nat'l Bank and Trust Co.*, 993 F.2d 132, at 136 (7th Cir. 1993)). In *Galabya*, the Second Circuit found: "Appellant, appearing *pro se*, does not identify with precision what he considers the adverse employment action to have been, but his argument may reasonably be read as contending that he was denied assignment to the P.S. 4 computer lab, not assigned for the start of the 1993-94 school year, mis-assigned to Sarah Hale, and then ultimately assigned to Van Arsdale where he was forced to teach outside his area of expertise (special education) and at a school with inferior facilities to P.S. 4. We agree with Judge Nickerson that this series of events does not constitute an adverse employment action 202 F.3d at 639-40.

[9]  *Crady*, 993 F.2d at 136.

[10]  *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997) (ADEA protects employee against

**If you determine that plaintiff failed to satisfy the burden of proving an adverse employment circumstance, then, you shall rule in favor of defendant MPI.  However, if you determine that plaintiff satisfied this burden, you should proceed to consider each of the following: (i) business necessity; (ii) good cause or reasonable factor other than age; and (iii) bona fide seniority system.**

[Plaintiff **Beljakovic** also has the burden of proving that defendant MPI's [employment practice] was not based on business necessity, or if it was based on business necessity that another [employment practice] without a similarly discriminatory effect would serve defendant's legitimate business interests and defendant **MPI** refused to adopt such alternate employment practices.]

Defendant **MPI** claims that its [employment practice] was based on business necessity. Defendant **MPI** has the burden of proving this defense by a preponderance of the evidence.  If you find the defense has been proved, then you will find for defendant **MPI** unless you find plaintiff **Beljakovic** has proved by a preponderance of the evidence that another [employment practice] without a similarly discriminatory effect would serve the defendant's legitimate business interests and defendant **MPI** refused to adopt such alternate employment practices.

Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

---

"less flagrant reprisals" than termination or a reduction in wages and benefits. 108 F.2d at 466.) ("[W]anamaker's claim falters. We cannot say that, for someone in Wanamaker's position, the loss of a phone and office is sufficiently deleterious to constitute adverse employment action prohibited by the ADEA. Blacklisting and refusing to recommend an individual tend to besmirch his reputation. But barring a terminated employee from using an office and phone to conduct a job hunt presents only a minor, ministerial stumbling block toward securing future employment. We are not moved by Wanamaker's conclusory, unsupported claims that the loss of these services had an injurious effect on his reptation in the legal community.")

## § 173.20  Disparate Treatment

In order for plaintiff **Beljakovic** to prevail on his claim against defendant **Melohn**

**Properties, Inc. ("MPI")** for age discrimination in employment, the plaintiff **Beljakovic** must

prove the following three essential elements by a preponderance of the evidence: [11]

First:  That plaintiff **Beljakovic** was forty years of age or older;

Second:  That plaintiff **Beljakovic experienced an adverse employment**

**circumstance because of his age, meaning, a "materially adverse change 'in the terms and**

**conditions of employment'." [12]  In order to be "materially adverse," a change in working**

**conditions must be "more disruptive than a mere inconvenience or an alteration of job**

**responsibilities." [13]  "A materially adverse change might be indicated by a termination of**

**employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a**

**material loss of benefits, significantly diminished material responsibilities, or other indices . .**

---

[11]  Subsequent to defendant MPI's proposing this Jury Instruction (§ 173.02), plaintiff Beljakovic affirmed in a statement dated November 8, 2007, that he is NOT claiming age discrimination as the result of disparate impact: *"Plaintiff objects to this Instruction as it is not being claimed that the discrimination suffered by me was the result of disparate impact. Instead it is claimed that the discriminatory acts were intentional and aimed specifically at the Plaintiff because of Plaintiff's age and because Plaintiff filed complaints regarding Defendant's repeated harassment of Plaintiff based on Plaintiff's age"* (See Exhibit "B," p. 1.)

[12]  *Galabya v. New York City Board of Education*, 202 F.3d 636 (2nd Cir. 2000) (an age discrimination case), citing, *Richardson v. New York State Dep't of Correctional Serv.*, 180 F.3d 426, 446 (2d Cir. 1999) (relying on *Crady v. Liberty Nat'l Bank and Trust Co.*, 993 F.2d 132, at 136 (7th Cir. 1993)). In *Galabya*, the Second Circuit found: "Appellant, appearing *pro se*, does not identify with precision what he considers the adverse employment action to have been, but his argument may reasonably be read as contending that he was denied assignment to the P.S. 4 computer lab, not assigned for the start of the 1993-94 school year, mis-assigned to Sarah Hale, and then ultimately assigned to Van Arsdale where he was forced to teach outside his area of expertise (special education) and at a school with inferior facilities to P.S. 4. We agree with Judge Nickerson that this series of events does not constitute an adverse employment action 202 F.3d at 639-40.

[13]  *Crady*, 993 F.2d at 136.

. unique to a particular situation;"[14] and

> Third:  That defendant **MPI** would not have **caused the adverse employment**

**circumstance except for** plaintiff's age.  In other words, the plaintiff's age must have actually

played a role in the defendant's decision making process and had a determinative influence on the

outcome.

The mere fact that plaintiff **Beljakovic** is 40 years of age or older and **experienced an**

**adverse employment circumstance**, is not sufficient, in and of itself to establish plaintiff's claim.

[Your verdict should be for defendant **MPI** if you find that the defendant **MPI** has proved

that plaintiff **Beljakovic** would have experienced the same consequences regardless of plaintiff's

age.  You should not find that the decision is unlawful just because you may disagree with

defendant's stated reasons or because you believe the decision was harsh or unreasonable, as long as

defendant **MPI** would have reached the same decision regardless of plaintiff's age.

Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil,
Volume 3C

---

[14]  *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997) (ADEA protects employee against
"less flagrant reprisals" than termination or a reduction in wages and benefits. 108 F.2d at 466.)
([W]anamaker's claim falters. We cannot say that, for someone in Wanamaker's position, the loss of a phone
and office is sufficiently deleterious to constitute adverse employment action prohibited by the ADEA.
Blacklisting and refusing to recommend an individual tend to besmirch his reputation. But barring a terminated
employee from using an office and phone to conduct a job hunt presents only a minor, ministerial stumbling
block toward securing future employment. We are not moved by Wanamaker's conclusory, unsupported claims
that the loss of these services had an injurious effect on his reputation in the legal community.")

## § 173.21  Disparate Impact

Plaintiff **Beljakovic** has the burden of proving each of the following by a preponderance of the evidence:

1.    Plaintiff **Beljakovic experienced an adverse employment circumstance because of his age, meaning, a "materially adverse change 'in the terms and conditions of employment'."** [15] **In order to be "materially adverse," a change in working conditions must be "more disruptive than a mere inconvenience or an alteration of job responsibilities."** [16] **"A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation;"** [17]

---

[15]    *Galabya v. New York City Board of Education*, 202 F.3d 636 (2nd Cir. 2000) (an age discrimination case), citing, *Richardson v. New York State Dep't of Correctional Serv.*, 180 F.3d 426, 446 (2d Cir. 1999) (relying on *Crady v. Liberty Nat'l Bank and Trust Co.*, 993 F.2d 132, at 136 (7th Cir. 1993)). In *Galabya*, the Second Circuit found: "Appellant, appearing *pro se*, does not identify with precision what he considers the adverse employment action to have been, but his argument may reasonably be read as contending that he was denied assignment to the P.S. 4 computer lab, not assigned for the start of the 1993-94 school year, mis-assigned to Sarah Hale, and then ultimately assigned to Van Arsdale where he was forced to teach outside his area of expertise (special education) and at a school with inferior facilities to P.S. 4. We agree with Judge Nickerson that this series of events does not constitute an adverse employment action202 F.3d at 639-40.

[16]    *Crady*, 993 F.2d at 136.

[17]    *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997) (ADEA protects employee against "less flagrant reprisals" than termination or a reduction in wages and benefits. 108 F.2d at 466.) ([W]anamaker's claim falters. We cannot say that, for someone in Wanamaker's position, the loss of a phone and office is sufficiently deleterious to constitute adverse employment action prohibited by the ADEA. Blacklisting and refusing to recommend an individual tend to besmirch his reputation. But barring a terminated employee from using an office and phone to conduct a job hunt presents only a minor, ministerial stumbling block toward securing future employment. We are not moved by Wanamaker's conclusory, unsupported claims that the loss of these services had an injurious effect on his reputation in the legal community.")

2.    Plaintiff **Beljakovic** was 40 years of age or older at the time of the **adverse employment circumstance**;

3.    Defendant **Melohn Properties, Inc. ("MPI")** had a specific employment practice that caused plaintiff **Beljakovic** to **experience an adverse employment circumstance** because of plaintiff's age; and

4.    Defendant **MPI's** [employment practice] had a substantial disparate impact on persons 40 years of age or older.

Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

§ 173.23  **Retaliation**

Plaintiff **Beljakovic** claims that defendant **Melohn Properties, Inc. ("MPI")** discriminated

against plaintiff **Beljakovic** because **Beljakovic** opposed a practice made unlawful by the ADEA

[**Age Discrimination in Employment Act**].

In order to prevail on this claim, plaintiff **Beljakovic** must show all the following:

First:  Plaintiff **Beljakovic** engaged in conduct protected by the ADEA;

Second:  Plaintiff **Beljakovic** was subjected to an adverse employment action at the

time, or after, the protected conduct took place (meaning, **a "materially adverse change**

**'in the terms and conditions of employment';"[18] in order to be "materially adverse,"**

**a change in working conditions must be "more disruptive than a mere inconvenience**

**or an alteration of job responsibilities;"[19] "a materially adverse change might be**

**indicated by a termination of employment, a demotion evidenced by a decrease in wage**

**or salary, a less distinguished title, a material loss of benefits, significantly diminished**

**material responsibilities,[20] or other indices . . . unique to a particular situation;" [21]**

---

[18]  *Galabya v. New York City Board of Education*, 202 F.3d 636 (2nd Cir. 2000) (an age discrimination case), citing, *Richardson v. New York State Dep't of Correctional Serv.*, 180 F.3d 426, 446 (2d Cir. 1999) (relying on *Crady v. Liberty Nat'l Bank and Trust Co.*, 993 F.2d 132, at 136 (7th Cir. 1993)). In *Galabya*, the Second Circuit found: "Appellant, appearing *pro se*, does not identify with precision what he considers the adverse employment action to have been, but his argument may reasonably be read as contending that he was denied assignment to the P.S. 4 computer lab, not assigned for the start of the 1993-94 school year, mis-assigned to Sarah Hale, and then ultimately assigned to Van Arsdale where he was forced to teach outside his area of expertise (special education) and at a school with inferior facilities to P.S. 4. We agree with Judge Nickerson that this series of events does not constitute an adverse employment action 202 F.3d at 639-40.

[19]  *Crady*, 993 F.2d at 136.

[20]  Not all protected employee conduct is treated the same. In *Zelnik v. Fashion Institute of Technology*, 464 F.3d 217 (2006), the plaintiff employee claimed he suffered retaliation and an adverse employment action for having exercised his first amendment right of free speech, the Second Circuit confirmed that the standard for determining whether the employer's action is an adverse employment action is more liberal when the protected conduct is an exercise of first amendment rights. 464 F.3d at 225. Under the more liberal standard, the Second

and

> Third: Defendant **MPI** took an adverse employment action against plaintiff

**Beljakovic** because of plaintiff's protected conduct.

<u>Federal Jury Practice and Instructions,</u> West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

---

Circuit has held retaliatory conduct that would deter a similarly situated person of ordinary firmness from exercising his constitutional right (free speech) may constitute an adverse employment action. Under the more stringent standards applicable to an ADEA claim not involving an infringement of constitutional rights, the standard has been that an adverse employment action will not be found absent a materially adverse change in the terms and conditions of employment which have been held to include: discharge, demotion, decrease in wage or salary, less distinguished title, material loss of benefits, diminished material responsibilities or other indices unique to a particular situation. *Zelnik,* 464 F.3d at 225, *citing, Galabya,* 202 F.3d at 640.

[21] *Wanamaker v. Columbian Rope Co.,* 108 F.3d 462, 466 (2d Cir. 1997) (ADEA protects employee against "less flagrant reprisals" than termination or a reduction in wages and benefits. 108 F.2d at 466.) ([W]anamaker's claim falters. We cannot say that, for someone in Wanamaker's position, the loss of a phone and office is sufficiently deleterious to constitute adverse employment action prohibited by the ADEA. Blacklisting and refusing to recommend an individual tend to besmirch his reputation. But barring a terminated employee from using an office and phone to conduct a job hunt presents only a minor, ministerial stumbling block toward securing future employment. We are not moved by Wanamaker's conclusory, unsupported claims that the loss of these services had an injurious effect on his reputation in the legal community.")

**§ 173.43  Tangible Employment Action**

A "tangible employment action" is a significant change in employment status, such as hiring,

firing, failing to promote, reassignment with significantly different responsibilities, or a decision

causing a significant change in benefits.


Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil,
Volume 3C

## § 173.70  Compensatory Damages

No matter how you may feel about this case, there are no compensatory damages which may be awarded by you to plaintiff Beljakovic. In a pre-trial statement dated November 8, 2007, he unequivocally affirmed that his lawsuit does not include any claim for compensatory damages. [22] Accordingly, each of you jurors is instructed not to award any compensatory damages in favor of Beljakovic or against MPI.

In any event, if plaintiff Beljakovic never lost any compensation or benefits (which is MPI's contention), then, even if he experienced an adverse employment action (which MPI denies), compensatory damages would have been zero. [23]

In addition, the ADEA does not permit an award of compensatory damages for pain or suffering or emotional distress in favor of any plaintiff. [24] General damages, such as for pain and suffering, are never recoverable in an age discrimination action. [25]

Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

---

[22]  Subsequent to defendant MPI's proposing Jury Instruction §173.70 (titled: "Compensatory Damages") to Beljakovic, he affirmed, in a statement dated November 8, 2007 (annexed Exhibit "B"), that he is NOT claiming compensatory damages (quoted below; emphasis in boldfaced type was added): "**Plaintiff objects to this Instruction as compensatory damages are not being sought**" (Exhibit "B," page 4.) In addition, in response to MPI's proposal of separate and distinct Jury Instruction §173.81 (titled: "Special Interrogatories") and Jury Instruction §173.73 (titled: "Nominal Damages") to Beljakovic, he reiterated that his lawsuit does not include a claim for compensatory damages (quoted below; emphasis in boldfaced type was added): "**Plaintiff objects to question # 3, question # 4, and § 173.73 as compensatory damages are not being sought.**" (Exhibit "B," page 5.)

[23]  See *Commissioner v. Schleier*, 515 U.S. 323, 325-26, 115 S.Ct. 2159, 2162, 132 L.Ed.2d 294 (1995).

[24]  *Id.*

[25]  *Id.*

**§ 173.81  Special Interrogatories to the Jury**

Plaintiff Beljakovic has alleged, and defendant MPI has conceded that Beljakovic has been employed by MPI.

Do you find from a preponderance of the evidence:

1.  **That Beljakovic suffered an adverse employment circumstance because of his age, meaning, a "materially adverse change 'in the terms and conditions of employment'."** [26] **In order to be "materially adverse," a change in working conditions must be "more disruptive than a mere inconvenience or an alteration of job responsibilities."** [27] **"A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation."** [28]

Answer Yes or No _____

---

[26]  *Galabya v. New York City Board of Education*, 202 F.3d 636 (2nd Cir. 2000) (an age discrimination case), citing, *Richardson v. New York State Dep't of Correctional Serv.*, 180 F.3d 426, 446 (2d Cir. 1999) (relying on *Crady v. Liberty Nat'l Bank and Trust Co.*, 993 F.2d 132, at 136 (7th Cir. 1993)). In *Galabya*, the Second Circuit found: "Appellant, appearing *pro se*, does not identify with precision what he considers the adverse employment action to have been, but his argument may reasonably be read as contending that he was denied assignment to the P.S. 4 computer lab, not assigned for the start of the 1993-94 school year, mis-assigned to Sarah Hale, and then ultimately assigned to Van Arsdale where he was forced to teach outside his area of expertise (special education) and at a school with inferior facilities to P.S. 4. We agree with Judge Nickerson that this series of events does not constitute an adverse employment action 202 F.3d at 639-40.

[27]  *Crady*, 993 F.2d at 136.

[28]  *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997) (ADEA protects employee against "less flagrant reprisals" than termination or a reduction in wages and benefits. 108 F.2d at 466.) ("[W]anamaker's claim falters. We cannot say that, for someone in Wanamaker's position, the loss of a phone and office is sufficiently deleterious to constitute adverse employment action prohibited by the ADEA. Blacklisting and refusing to recommend an individual tend to besmirch his reputation. But barring a terminated employee from using an office and phone to conduct a job hunt presents only a minor, ministerial stumbling block toward securing future employment. We are not moved by Wanamaker's conclusory, unsupported claims that the loss of these services had an injurious efect on his reputation in the legal community.")

2.      That plaintiff's age was a substantial or motivating factor that prompted defendant **MPI** to take action?

Answer Yes or No _____

**Note: If you answered "No" to either Question No. 1 or No. 2, then, you need not answer the remaining questions (below), and you should proceed to render a decision on this lawsuit in favor of defendant MPI and against plaintiff Beljakovic.  However, if you answered "Yes" to both Questions No. 1 and No. 2, then, answer the following additional question:**

3.      **Was the adverse employment circumstance the result of any of the following: (a) Bona Fide Seniority System; (b) Business Necessity for MPI; or (c) Good Cause or Reasonable Factor Other than Age?**

Answer Yes or No _____

**Note: If you answered "Yes" to Question No. 3, then, you need not answer the remaining question, and you should proceed to render a decision on this lawsuit in favor of defendant MPI and against plaintiff Beljakovic.  However, if you answered "No" to Question No. 3, then, proceed to the following questions:**

4.      **Defendant MPI has alleged, and plaintiff Beljakovic has conceded that he suffered no compensatory damages.**

5.      That defendant **MPI** "willfully" violated the law (as that term is defined in the Court's instructions)?

Answer Yes or No _____

Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

**§ 173.73  Nominal Damages**

If you find in favor of plaintiff **Beljakovic and answer "Yes"** in response to **Special Interrogatory Question No. 1, 2 and 5**, but you answer "No" in response to **Special Interrogatory Question No. 3, and** you find that plaintiff's damages have no monetary value, then you must return a verdict for plaintiff **Beljakovic** in the nominal amount of one dollar.

<u>Federal Jury Practice and Instructions</u>, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

Dated: New York, New York
   November 12, 2007

        Yours, etc.

        **MIODRAG BELJAKOVIC**
        Pro Se Plaintiff
        925 Park Avenue
        Elizabeth, New Jersey 07208
        Telephone: (908) 353-6181

         - and -

        **KUCKER & BRUH, LLP**
        Attorneys for Defendant,
         Meloni Properties, Inc.

        William D. Hummell, Esq. (WH 7071)
        747 Third Avenue, 12th Floor
        New York, New York 10036
        Telephone: 212-869-5030
        Fax: 212-944-5818

## APPENDIX "A"

### <u>Jury Instructions Proposed Solely by Plaintiff Beljakovic</u>

**None.**

In a letter dated November 5, 2007 letter (annexed **Exhibit "A"**), which was delivered to defendant's attorneys the afternoon of November 6, plaintiff Beljakovic stated the following (quoted below):

"I have no jury instructions to propose."

Subsequently, in a statement dated November 8, 2007 (annexed **Exhibit "B"**), Beljakovic reiterated the same position (*i.e.*, that plaintiff is not proposing any jury instructions).

# Exhibit A

William D. Hummell, Esq.,
Attorney at Law
Kucker & Bruch, LLP
747 Third Avenue, Suite 12A
New York, N.Y. 10017-2803

Re: Beljakovic vs. Melohn  Properties, Inc.
    Pro Se 04 Civ. 3694 (RJH)
-----------------------------------------------------

Dear Mr. Hummell:

This refers to the Article 5 of the Amended Trial Order issued by Honorable Judge Richard J. Holwell, on September 26, 2007, directing that our joint *voir dire* questions for jury selection and jury instruction be submitted to the Chambers by November 12, 2007.

I propose that the following questions be included in the selection of the jury for the trial scheduled to commence on January 28, 2008:

1. Are you employed?
2. Were you ever mistreated or were subject of abuse by an employer?
3. Would you agree that employees should be treated fairly and equally?
4. What are your views on mandatory retirement age?
5. Have you or anyone you know ever been discriminated against or harassed based upon age?
6. Would you agree that if someone fulfills all of their job requirements their age is irrelevant?
7. Have you ever instituted legal action against an employer?
8. What are your general views on civil rights?
9. Have you ever been involved in any civil rights groups or actions?

I have no jury instructions to propose.

As in the previous case of the Joint Pre-trial Order, I hope that you can transmit this material to the Chambers as well. This includes the manadatory electronic submission.  Should you have any problem with it, please let me know in time.

I trust that this will complete our pre-trial legal requirements and am anxiously awaiting for the final pre-trial conference, scheduled for January 11, 2008.

Respectfully,

In Elizabeth, N.J.
November 5, 2007

Miodrag Beljakovic
925 Park Avenue
Elizabeth N.J. o7209-1131

CC: Hon Richard J. Holwell
     United States District Judge
     Southern District of New York
     500 Pearl Street, Courtroom 17B
     New York, N.Y. 10007-1312

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

MIODRAG BELJAKOVIC,                                    04 CV 3694 (RJH)

                    Plaintiff,

     - against -

MELOHN PROPERTIES, INC.,

                    Defendant.
--------------------------------------------------------------x

## PLAINTIFF'S OBJECTIONS TO THE DEFENDANT'S PROPOSED VOIR DIRE

Plaintiff objects to the phrasing in questions 10, 12, and 13 of the Defendant's proposed voir dire questions. The questions read as follows:

10.   The law provides that MERE INCONVENIENCE for an employee without discharge, layoff, denial of promotion, reassignment with significant change in job responsibilities, or lost compensation or benefits, is insufficient to support an age discrimination claim.

     a.   If the plaintiff employee fails to prove he experienced a discharge, layoff, denial of promotion, reassignment with significant change in job responsibilities, would you have a problem denying the age discrimination claim even if the plaintiff testified of inconveniences he appears to sincerely believe he had to endure?

12.   This matter includes a claim that the plaintiff employee experienced AGE DISCRIMINATION in his employment.

     a.   If the plaintiff proves: (1) that he was discharged, laid off, denied a promotion, reassigned with a significant change is job responsibilities, or lost compensation or benefits; (2) that

his employer's employment practice that resulted in the discharge, etc. was not based on a business necessity; and (3) that the plaintiff's age was a substantial or motivating factor for his employer in causing the discharge, layoff, etc.; would you have any problem ruling in favor of the plaintiff employee?

     b.     If the plaintiff employee fails to prove any one of those three things, would you have any problem denying the age discrimination claim?

13.    This matter includes a claim that the plaintiff employee experienced RETALIATION after asserting an age discrimination claim.

     a.     If the plaintiff employee proves: (1) that he engaged in conduct protected by the Age Discrimination in Employment Act; (2) that, subsequent to his performance of the protected act, the defendant employer caused him to be discharged, laid off, denied a promotion, reassigned with a significant change in job responsibilities, or to lose compensation or benefits; and (3) that the defendant employer caused the plaintiff employee to be discharged, etc., because of his performance of the protected act; would you have nay problem ruling in favor of the plaintiff employee?

     b.     If the plaintiff employee fails to prove any one of those three things, would you have any problem denying the age discrimination claim?

The way these questions are phrased would essentially allow the Defendant to begin arguing their case before the trial has even commenced. Plaintiff would be more amenable to a more general question, such as "Would you have any problem ruling in favor of the Plaintiff if he proves his case? Would you have any problem ruling against the Plaintiff and in favor of the Defendant if Plaintiff fails to prove his case?"

Plaintiff further objects to questions 10, 12, and 13 as they try to limit the definition of discrimination to being fired, laid off, failing to be promoted, or losing money or benefits. The claim of discrimination here is in the form of severe harassment, disparate treatment, and retaliation. Therefore, those *voir dire* questions suggest that Plaintiff has not been discriminated against because he has not been fired, laid off, etc.

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS ACCEPTED BY PLAINTIFF

Plaintiff is will to accept the following jury instruction proposed by the Defendant:

- § 173.01 Nature of the Action – Disparate Treatment
- § 173.41 Determinative Fact
- § 173.25 Respondeat Superior
- § 173.44 Direct and Indirect Evidence
- § 173.50 Causation
- § 173.51 Preponderance of the Evidence
- § 173.61 Bona Fide Seniority System
- § 173.63 Business Necessity
- § 173.66 Good Cause or Reasonable Factor Other than Age
- § 173.72 Liquidated Damages
- § 173.40 Willful
- § 173.42 Motivating Factor

## <u>PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED</u>
## <u>JURY INSTRUCTIONS:</u>

Plaintiff objects to the following proposed jury instructions made by the Defendant:

### 1.  Instruction § 173.02 Nature of the Action – Disparate Impact

Plaintiff objects to this Instruction as it is not being claimed that the discrimination suffered by me was the result of disparate impact.  Instead, it is claimed that the discriminatory acts were <u>intentional</u> and aimed specifically at the Plaintiff because of Plaintiff's age and because Plaintiff filed complaints regarding Defendant's repeated harassment of Plaintiff based on Plaintiff's age.  Plaintiff also must object to this Instruction as it limits the definition of age discrimination to being "discharged, laid off, reassigned with a significant change in job responsibilities, denied a promotion, lost compensation or lost benefits."  As recent as <u>Smith v. Potter</u>, United States Court of Appeals for the Tenth Circuit, 2007 U.S. App. LEXIS 24942, age discrimination has been defined to include being "treated less favorably than others," which is a major part of my claim.  Also, in <u>Zelnick v. Fashion Institute of Technology</u>, 464 F.3d 217 (2006), the Second Circuit Court of Appeals said that the adverse employment action complained of in an age discrimination case "<u>may include</u> termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, <u>or other indices unique to a particular situation</u>." (emphasis added)

## 2. Instruction § 173.20 Disparate Treatment

Plaintiff objects to this Instruction as it limits the definition of age discrimination to being "discharged, laid off, reassigned with a significant change in job responsibilities, denied a promotion, lost compensation or lost benefits." As recent as <u>Smith v. Potter</u>, United States Court of Appeals for the Tenth Circuit, 2007 U.S. App. LEXIS 24942, age discrimination has been defined to include being "treated less favorably than others," which is a major part of Plaintiff BELJAKOVIC'S claim. Also, in <u>Zelnick v. Fashion Institute of Technology</u>, 464 F.3d 217 (2006), the Second Circuit Court of Appeals said that the adverse employment action complained of in an age discrimination case "<u>may include</u> termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, <u>or other indices unique to a particular situation.</u>" (emphasis added)

## 3. Instruction § 173.21 Disparate Impact

Plaintiff objects to this Instruction as it is not being claimed that the discrimination suffered by Plaintiff was the result of disparate impact. Instead, it is claimed by Plaintiff that the discriminatory acts were <u>intentional</u> and aimed specifically at the Plaintiff.

Plaintiff further objects to this Instruction as it limits the definition of age discrimination to being "discharged, laid off, reassigned with a significant change in job responsibilities, denied a promotion, lost compensation or lost benefits." As recent as <u>Smith v. Potter</u>, United States Court of Appeals for the Tenth Circuit, 2007 U.S. App. LEXIS 24942, age discrimination has been defined to include being "treated less favorably than

others," which is a major part of Plaintiff BELJAKOVIC'S claim. Also, in Zelnick v. Fashion Institute of Technology, 464 F.3d 217 (2006), the Second Circuit Court of Appeals said that the adverse employment action complained of in an age discrimination case "may include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." (emphasis added)

### 4.  Instruction § 173.23 Retaliation

Plaintiff objects to this Instruction as it limits the definition of age discrimination to being "discharged, laid off, reassigned with a significant change in job responsibilities, denied a promotion, lost compensation or lost benefits."  As recent as Smith v. Potter, United States Court of Appeals for the Tenth Circuit, 2007 U.S. App. LEXIS 24942, age discrimination has been defined to include being "treated less favorably than others," which is a major part of Plaintiff BELJAKOVIC'S claim. Also, in Zelnick v. Fashion Institute of Technology, 464 F.3d 217 (2006), the Second Circuit Court of Appeals said that the adverse employment action complained of in an age discrimination case "may include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." (emphasis added)

### 5.  Instruction § 173.43 Tangible Employment Action

Plaintiff objects to this Instruction as it limits the definition of age discrimination to being "discharged, laid off, reassigned with a significant

change in job responsibilities, denied a promotion, lost compensation or lost benefits." As recent as <u>Smith v. Potter,</u> United States Court of Appeals for the Tenth Circuit, 2007 U.S. App. LEXIS 24942, age discrimination has been defined to include being "treated less favorably than others," which is a major part of Plaintiff BELJAKOVIC'S claim. Also, in <u>Zelnick v. Fashion Institute of Technology,</u> 464 F.3d 217 (2006), the Second Circuit Court of Appeals said that the adverse employment action complained of in an age discrimination case "<u>may include</u> termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, <u>or other indices unique to a particular situation."</u> (emphasis added)

Plaintiff also objects to this Instruction as 'tangible employment actions' are generally combined with the issue of employer liability for the supervisor's/harasser's actions. (<u>Burlington Industries v. Ellerth,</u> 524 U.S. 742 (1998)) Tangible Employment Actions are relevant in that, if the Plaintiff fails to show a tangible employment action in relation to his alleged harassment, then the Defendant may raise the affirmative defense that they are not responsible for that employee/supervisor/harasser's actions. Therefore, if this jury charge is to be included, it should be modified to reflect the actual relevance of 'tangible employment action' and read in tandem with the instruction regarding 'respondeat superior' and adjusted to accordingly to reflect the law.

### 6. Instruction § 173.70 Compensatory Damages

Plaintiff objects to this Instruction as compensatory damages are not being sought.

<u>7.  § 173.81 Special Interrogatories to the Jury</u>

Plaintiff objects to question #3, question #4, and § 173.73 as compensatory damages are not being sought.   Plaintiff also objects to question #5 as it does not include an opportunity for the jury to award damages if there is a finding of willful violation of the law.


In Elizabeth, N.J.                           Respectfully,
November 8, 2007

                                             Miodrag Beljakovic
                                             925 Park Avenue
                                             Elizabeth, N.J. 07209-1131

# Exhibit C

### § 173.01  Nature of the Action - Disparate Treatment

Under federal law, an employer may not discriminate against any employee because of that employee's age, when the employee's age is forty years of age or over.

Plaintiff _____ claims that defendant _____ discriminated against plaintiff _____ by terminating plaintiff _____ and later failing to rehire plaintiff _____ because of plaintiff's age.  Specifically, plaintiff _____ alleges that defendant _____ violated the law by [*describe the specific act or acts asserted as discrimination*].

Defendant _____ denies the charge and contends that [*describe the specific act or acts and defendant's affirmative defenses, if any*].

Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

## § 173.02  Nature of the Action – Disparate Impact

Plaintiff _____ seeks damages against defendant _____ for age discrimination. Defendant _____ denies discrimination on the basis of age.

Plaintiff _____ claims that while defendant's [*employment practice*] [*selection criterion*] appears to treat people of different ages equally, it has the effect of discriminating against persons 40 years of age or older.

Plaintiff _____ has the burden of proving through statistical evidence that defendant's [*employment practice*] [*selection criterion*] caused the exclusion of plaintiff _____ from a [*job*] [*promotion*] because of plaintiff's age.

*[Plaintiff _____ also has the burden of proving that defendant's [employment practice] [selection criterion] was not based on business necessity, or if it was based on business necessity that another [employment practice] [selection criterion] without a similarly discriminatory effect would serve defendant's legitimate business interests and defendant _____ refused to adopt such alternate [employment practice] [selection criterion].]*

Defendant _____ claims that its [*employment practice*] [*selection criterion*] was based on business necessity. Defendant _____ has the burden of proving this defense by a preponderance of the evidence.  If you find the defense has been proved, then you will find for defendant _____ unless you find plaintiff _____ has proved by a preponderance of the evidence that another [*employment practice*] [*selection criterion*] without a similarly discriminatory effect would serve the defendant's legitimate business interests and defendant _____ has refused to adopt such alternate [*employment practice*] [*selection criterion*].

<u>Federal Jury Practice and Instructions,</u> West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

## § 173.10  Generally

Federal law makes it unlawful for an employer to discharge or lay off or otherwise discriminate against any employee because of that employee's age, when the employee is 40 years of age or older.

Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

## § 173.20  Disparate Treatment

In order for plaintiff _____ to prevail on plaintiff's claim against defendant _____ for age discrimination in employment, the plaintiff _____ must prove the following three essential elements by a preponderance of the evidence:

First: That plaintiff _____ was forty years of age or older;

Second: That plaintiff _____ was [*discharged*] [*not hired for the position*] [*discriminated against with respect to compensation or otherwise*] by defendant _____; and

Third: That defendant _____ would not have [*discharged plaintiff _____*] [*failed to hire plaintiff _____ for the position*] [*discriminated against plaintiff _____ with respect to compensation or otherwise*] because of plaintiff's age.  In other words, the plaintiff's age must have actually played a role in the defendant's decisionmaking process and had a determinative influence on the outcome.

The mere fact that plaintiff _____ is 40 years of age or older and was [*hired*] [*not promoted*] [*terminated*] is not sufficient, in and of itself to establish plaintiff's claim.

[*Your verdict should be for defendant _____ if you find that the defendant _____ has proved that plaintiff _____ would have experienced the same consequences regardless of plaintiff's age.  You should not find that the decision is unlawful just because you may disagree with defendant's stated reasons or because you believe the decision was harsh or unreasonable, as long as defendant _____ would have reached the same decision regardless of plaintiff's age.*]

Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

## § 173.21  Disparate Impact

Plaintiff _____ has the burden of proving each of the following by a preponderance of the evidence:

1.    Plaintiff _____ was [*not hired*] [*describe other specific discriminatory act*];

2.    Plaintiff _____ was 40 years of age or older at the time of the [*failure to hire*] [*describe other specific discriminatory act*];

3.    Defendant _____ had a specific [*employment practice*] [*selection criterion*] that caused plaintiff _____ to be excluded from [*a job*] [*describe other specific discriminatory act*] because of plaintiff's age; and

4.    Defendant's [*employment practice*] [*selection criterion*] had a substantial disparate impact on persons 40 years of age or older.


Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

## § 173.23  Retaliation

Plaintiff _____ claims that defendant _____ discriminated against plaintiff _____ because plaintiff _____ opposed a practice made unlawful by the ADEA.

In order to prevail on this claim, plaintiff _____ must show all the following:

First: Plaintiff _____ engaged in conduct protected by the ADEA;

Second: Plaintiff _____ was subjected to an adverse employment action at the time, or after, the protected conduct took place; and

Third: Defendant _____ took an adverse employment action against plaintiff _____ because of plaintiff's protected conduct.


<u>Federal Jury Practice and Instructions,</u> West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

## § 173.25  Respondent Superior

Defendant _____ is a corporation.  A corporation may act only through natural persons as its agents or employees and, in general, any agent or employee of a corporation may bind the corporation by the agent's or employee's action done and statements made while acting within the scope of agent's or employee's authority as delegated to the agent or employee by the corporation or within the scope of the agent's or employee's duties as an employee of the corporation.

An agent or employee acting outside the agent's or employee's delegated authority or outside the scope of the agent's or employee's duties may not bind the corporation.  However, even though an act is forbidden by the law, it may still be within the scope of employment so as to impose liability on the corporation.  In deciding whether the act complained of was within the scope of authority, you should consider such factors as where the acts took place and their foreseeability.

Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

### § 173.40  Willful

If defendant _____ knew that its adverse employment action was a violation of the law, or acted in reckless disregard of that fact, then its conduct was willful.  If defendant _____ did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law even if it acted negligently, then its conduct was not willful.

<u>Federal Jury Practice and Instructions</u>, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

### § 173.41  Determinative Fact

A "determinative factor" means that plaintiff _____ must prove defendant _____ would

not have take the adverse employment action alleged but for plaintiff's age.


<u>Federal Jury Practice and Instructions</u>, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

## § 173.42  Motivating Factor

The term "motivating factor" means a consideration that moved defendant _____ toward

defendant's decision.


Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

### § 173.43  Tangible Employment Action

A "tangible employment action" is a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.

<u>Federal Jury Practice and Instructions</u>, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

## § 173.44  Direct and Indirect Evidence

Generally speaking, there are two types of evidence that are generally presented during a trial – direct evidence and indirect evidence.  "Direct evidence" is the testimony of a person who asters or claims to have actual knowledge of a fact, such as an eyewitness.  "Indirect or indirect" evidence is proof of a claim of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or indirect evidence.  Nor is a greater degree of certainty required of indirect evidence.  You are simply required to find the facts in accordance with the preponderance of the evidence in the case, both direct and indirect.

Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

## § 173.50  Causation - Generally

Plaintiff _____ has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence.  If you find that plaintiff _____ has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant _____.

[*Defendant _____ has the burden of proving each element of defendant's affirmative defenses by a preponderance of the evidence*].


<u>Federal Jury Practice and Instructions</u>, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

### § 173.51  Preponderance of the Evidence

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

<u>Federal Jury Practice and Instructions</u>, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

### § 173.61  Bona Fide Seniority System

If you find that plaintiff _____ has established each of the essential elements of plaintiff's claim, then you will consider the defense alleged by defendant _____ that the treatment of plaintiff _____ was in accordance with the terms of a bona fide seniority system.

In order to qualify as a bona fide seniority system the system must use the length of service as a primary criterion for the fair distribution of available employment opportunities and prerogatives among younger and older workers.

Defendant _____ bears the burden of proving this defense by preponderance of the evidence.

<u>Federal Jury Practice and Instructions</u>, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

### § 173.63  Business Necessity

If you find that plaintiff _____ has established each of the essential elements of plaintiff's claim, then you will consider the defense alleged by defendant _____ that the treatment of plaintiff was required by business necessity.

Defendant _____ may justify an employment practice or decisionmaking process that results in adverse or disparate impact on a particular group by proving that it is job related and consistent with business necessity. An employment practice or decisionmaking process is job related if it has a clear relationship or connection to the job or position in question. An employment practice or decisionmaking process that results in an adverse or disparate impact is consistent with business necessity if it substantially promotes safe efficient or successful job performance.

If you determine defendant _____ has proved its employment practice or decisionmaking process is job-related and consistent with business necessity, then you must decide in favor of defendant _____ despite the adverse impact.

If you determine plaintiff _____ proved by a preponderance of the evidence that defendant _____ had a suitable alternative that would have resulted in a lesser adverse impact and the defendant refused to adopt it, then you must decide in favor of plaintiff _____.

A suitable alternative is one that would have also served the defendant's interest in safe, efficient and successful job performance.

<u>Federal Jury Practice and Instructions</u>, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

### § 173.66  Good Cause or Reasonable Factor Other than Age

If you find that plaintiff _____ has established each of the essential elements of plaintiff's claim, then you will consider the defense alleged by defendant _____ that the treatment of plaintiff _____ was for [*good cause*] [*a reasonable factor other than age*].

Defendant _____ has only the burden of articulating a legitimate, nondiscriminatory reason for its actions. Defendant _____ does not have to persuade you of this fact by a preponderance of the evidence. Instead, defendant _____ is required only to produce enough evidence in support of plaintiff's claim to create a genuine issue of fact in your mind.

[*Even of an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit, as long as it is not unlawful.*]

[*In determining whether defendant's stated reason for its actions was a pretext for discrimination, you may not question defendant's business judgment. Pretext is not established just because you disagree with the business judgment of defendant _____, unless you find that defendant's reason was a pretext for discrimination.*]

<u>Federal Jury Practice and Instructions,</u> West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

## § 173.70  Compensatory Damages

If you find that defendant _____ unlawfully discriminated against plaintiff _____ on the basis of plaintiff's age, then you must determine the amount of damages that plaintiff _____ has sustained, if any.

That is, you are to award plaintiff _____ an amount equal to the pay that plaintiff _____ would have received from defendant _____ [*had plaintiff* _____ *been hired*] [*had plaintiff* _____ *not been discharged*] from the time that plaintiff _____ [*applied*] [*was discharged*] until the date of trial.

You should deduct from this sum whatever wages plaintiff _____ has obtained from other employment during this period.

<u>Federal Jury Practice and Instructions</u>, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

## § 173.72  Liquidated Damages

If you find that plaintiff _____ was discriminated against by defendant _____ on the basis of age, then you must decide whether defendant's conduct was willful.  If you find that defendant's violation of the age discrimination law was willful, the court will award plaintiff _____ money damages in addition to the back pay that you have awarded.

A violation is willful if defendant _____ knew its action was a violation of the law, or acted in reckless disregard of that fact.  If defendant _____ did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

## § 173.73  Nominal Damages

If you find in favor of plaintiff _____ in responses to Instruction _____ and if you answer "no" in response to Instruction _____, but you find that plaintiff's damages have no monetary value, then you must return a verdict for plaintiff _____ in the nominal amount of one dollar.

<u>Federal Jury Practice and Instructions</u>, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C

### § 173.81  Special Interrogatories to the Jury

Do you find from a preponderance of the evidence:

1.      That plaintiff _____ was employed by the defendant _____ and was subsequently [*describe adverse employment action*] by defendant _____?

Answer Yes or No _____

2.      That plaintiff's age was substantial or motivating factor that promoted defendant _____ to take action?

Answer Yes or No _____

Note: If you answered "No" to either Question No. 1 or Question No. 2 you need not answer the remaining questions.

3.      That plaintiff _____ should be awarded the following damages to compensate for a net loss of wages and benefits to the date of trial?

Answer Yes or No _____

4.      That plaintiff _____ should be awarded damages to compensate for a net loss of wages and benefits in the future [*reduced to present value*]?

Answer Yes or No _____

5.      That defendant _____ "willfully" violated the law (as that term is defined in the Court's instructions)?

Federal Jury Practice and Instructions, West, Fifth Edition, O'Malley, Grenig and Lee, Civil, Volume 3C