UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
MIODRAG BELJAKOVIC,

                Plaintiff,

     -against-

MELOHN PROPERTIES, INC.,

                Defendant.
------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/08

04 Civ. 3694 (RJH)

**ORDER**

        Defendant has moved to stay this action until a decision is entered by the United States Supreme Court in *14 Penn Plaza LLC v. Pyett*, 128 S. Ct. 1223 (2008), scheduled for argument in October 2008. (*See* Def.'s Mem. 11.) In *Pyett*, the Supreme Court will consider the enforceability of "an arbitration clause contained in a collective bargaining agreement, freely negotiated by a union and an employer, which clearly and unmistakably waives the union members' right to a judicial forum for their statutory discrimination claims." *See* Petition for Writ of Certiorari, *14 Penn Plaza LLC v. Pyett*, No. 07-581, 2007 WL 3230905, at *i (U.S. Oct. 30, 2007). In doing so, the Supreme Court will squarely address the continuing validity of *Rogers v. New York University*, 220 F.3d 73 (2d Cir. 2000), and *Tran v. Tran*, 54 F.3d 115, 117– 18 (2d Cir. 1995), two Second Circuit decisions upon which this Court relied in denying defendant's motion to dismiss due to a collective bargaining agreement, which by its terms waived Plaintiff's right to bring a claim for age discrimination in federal court. *Beljakovic v. Melohn Props., Inc.*, 04 Civ. 3694, 2005 WL 2709174, at *3 (S.D.N.Y. 2005). If the Supreme Court determines that such a clause is enforceable while this case remains open on direct review, any trial verdict entered in this case will require vacatur. *Harper v. Va. Dept. of Taxation*, 509

U.S. 86, 97 (1993) ("When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.").

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court finds that it is in the interests of justice and judicial economy to grant Defendant's motion for a stay pending a decision in *Pyett* that will determine whether this Court can properly assert subject matter jurisdiction over Plaintiff's action. Proceeding with a trial that may ultimately prove unnecessary would be a significant waste of the parties' time and resources, as well as the Court's. *See United States v. Clark*, No. 87 Cr. 49, 1987 WL 13273, at *3 (S.D.N.Y. June 30, 1987) ("[N]either the public interest, nor the courts, nor society would be served by a lengthy trial which might prove to be unnecessary.") Furthermore, Plaintiff is not seriously prejudiced by a stay in light of the fact that any award he might obtain at trial will likely be provisional, pending the outcome of *Pyett*.

Accordingly, the Court grants Defendant's motion to stay these proceedings [59] until the Supreme Court issues a decision in *14 Penn Plaza LLC v. Pyett*. All other pending motions are denied without prejudice to renew at a later time, if necessary. The parties are directed to contact this Court within thirty days of the date of that decision. The clerk is directed to transfer this case to the suspense docket.

SO ORDERED.

Dated: New York, New York
      April 16, 2008

                                              Richard J. Holwell
                                        United States District Judge